To: Page 3 of 6    2017-11-13 21:25:33 (GMT)    Morgan Lewis From: Gray, Jennifer E.

Case 1:17-cv-06778-VM   Document 12   Filed 11/14/17   Page 1 of 4

# Morgan Lewis

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/17

**Benjamin P. Smith**
Partner
+1.415.442.1289
benjamin.smith@morganlewis.com

November 13, 2017

**VIA E-MAIL & U.S. MAIL**

Darryl J. Alvarado, Esq.
Robbins, Geller, Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 2101-3301

Re:   *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, Case No. 1:17-cv-06778-VM

Dear Darryl:

Pursuant to Section II(B) of Judge Marrero's Individual Practices, U.S. Bank National Association, as Trustee, (the "Trustee") summarizes the bases of its motion to dismiss or, in the alternative, to stay Royal Park's ("RPI") Complaint in this action.[1]

Notably, Justice Ramos dismissed a nearly identical New York state court action against an RMBS trustee just today on grounds similar to those set forth below.[2] *See PIMCO Absolute Return v. Wells Fargo Bank Nat'l Ass'n*, No. 0654743/2017 (filed July 11, 2017).

**RPI's Breach of Contract and Declaratory Judgment Claims Should Be Dismissed**
RPI's breach of contract and declaratory judgment claims[3] are foreclosed by Rule 12(b)(6) under the plain language of the governing agreements ("GAs") for the RMBS Trusts at issue ("Covered Trusts"). The GAs unequivocally provide the Trustee with the right to indemnification for the expenses it has incurred defending against the underlying lawsuit

---

[1] In observance of the Court's three-page limit for this letter, the Trustee has sought to identify the most glaring deficiencies in RPI's allegations. The Trustee reserves its right to present additional arguments, legal bases, and authority for dismissing the claims in RPI's complaint if the Trustee files a formal motion. As just one example, RPI fails to adequately plead that the Trustee's expenses in defending against RPI's aggressive prosecution of a case alleging more than $6 billion of losses are unreasonable.

[2] The Trustee understands that Justice Ramos made this ruling from the bench during oral argument today. Once the transcript becomes available, the Trustee will provide a copy to RPI and the Court.

[3] These two claims are based upon the same theories and allegations. *See* Compl. ¶ 75.

**Morgan, Lewis & Bockius LLP**

One Market
Spear Street Tower
San Francisco, CA 94105-1596    ☏ +1.415.442.1000
United States                    ☏ +1.415.442.1001

DB1/ 94314493.5

Darryl J. Alvarado, Esq.
November 13, 2017
Page 2

(*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 14-cv-2590-VM (S.D.N.Y.) ("*USB/RPI I*")). *See, e.g.*, BAFC 2007-C PSA § 9.11 (the Trustee shall be indemnified for "<u>any</u> claims…or expense (including reasonable attorney's fees)…incurred in connection with or <u>arising from or relating to</u> (i) this Agreement, (ii) the Certificates, or (iii) the performance of any of the Trustee's…duties hereunder….") (emphases added). The Trustee's indemnification falls squarely within the scope of these provisions because it unequivocally relates to the Trustee's defense of claims (and incurrence of litigation expenses) relating to the GAs, RPI's Certificates, and the Trustee's performance under the GAs. *See* Compl. ¶ 2. Courts in this District have confirmed RMBS trustees' right to indemnification in nearly identical circumstances. *E.g., Royal Park Invs. SA/NV v. HSBC Bank USA Nat'l Ass'n*, No. 14-cv-8175-LGS-SN (S.D.N.Y.), Dkt. 254 at 8.

RPI's reliance on the provisions' exception for expenses "<u>incurred by reason of</u> willful misfeasance, bad faith or gross negligence," *e.g.*, BAFC 2007-C PSA § 9.11 (emphasis added), is misplaced. That exception could apply (if at all) only *after* the Trustee has been determined to have committed such misconduct. There has been no such finding. RPI's self-serving allegations of gross negligence in *RPI/USB I* cannot trigger the exception, or else a non-contracting party would be empowered to strategically determine the Trustee's contractual rights merely through its pleading. *See, e.g., Tokio Marine & Nichido Fire Ins. Co. v. Calabrese*, 2013 WL 752259, *7 (E.D.N.Y. Feb. 26, 2013) (the term "any" claims in an indemnification provision has been held to includes claims involving the indemnitee's own alleged negligence) (citing cases); *see also VNB Realty, Inc., v. U.S. Bank Nat'l Ass'n*, 2016 WL 3912028, at *1 (D.N.J. July 19, 2016). RPI's strained interpretation—including its contention that it may prevail in *RPI/USB I* <u>without</u> proving such misconduct—would strip the Trustee of critical bargained-for rights that are plainly set forth in the GAs.

RPI's further challenges to the Trustee's contractual indemnification rights fail because (1) the Trustee's indemnification rights <u>are</u> unequivocal (see above); and (2) the principle that RPI cites only applies to first-party indemnifications, *i.e.*, between litigation adversaries. Here, the Trustee's indemnification is provided from the Covered Trusts, not RPI.

### RPI's Non-Contract Claims Should Be Dismissed
RPI's non-contract claims also fail for several reasons.

<u>The GAs Are Valid Contracts</u>: New York law precludes RPI's unjust enrichment claim because RPI alleges that a valid contract governs the subject matter of its claim. Compl. ¶¶ 20, 25, 43; *see Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586-87 (2d Cir. 2006).

<u>Economic Loss Rule:</u> The economic loss rule precludes tort claims if, as here, plaintiff alleges only economic harm arising from the Trustee's contract obligations. Compl. ¶¶ 45-47, 53, 57, 66. *See Phoenix Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 2016 WL 1169515, *9 (S.D.N.Y. Mar. 22, 2016); *Blackrock Core Bond Portfolio v. U.S. Bank Nat'l Ass'n*, 165 F. Supp. 3d 80, 106 (S.D.N.Y. 2016).

DB1/ 94314493.5

To: Page 5 of 6  2017-11-13 21:25:33 (GMT)  Morgan Lewis From: Gray, Jennifer E.

Case 1:17-cv-06778-VM   Document 12   Filed 11/14/17   Page 3 of 4

Darryl J. Alvarado, Esq.
November 13, 2017
Page 3

The Disputed Funds Never Belonged to RPI: Under the plain language of the GAs, RPI does not own, possess, or control the funds that were used to indemnify the Trustee, and therefore RPI fails to allege sufficient facts to support its conclusory, false allegation that the Trustee's indemnification comes from funds "belonging" to RPI. Compl. ¶¶ 2, 56. Rather, distributions to investors are made only from available funds remaining after payment of all trust expenses, including the Trustee's indemnification of legal fees and expenses. *See, e.g.*, BAFC 2007-C PSA § 5.02. This precludes RPI's unjust enrichment and conversion claims. *See Beth Israel*, 448 F.3d at 579; *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013).

No Fiduciary Duty: RPI's unjust enrichment, breach of trust, and equitable accounting claims are predicated on a non-existent fiduciary duty. Compl. ¶¶ 52, 61, 69, 71. *See AG Capital Funding Partners, L.P. v. State St. Bank & Trust Co.*, 11 N.Y.3d 146, 157 (2008).

Duplicative Claims: RPI's tort claims are predicated on the Trustee's alleged breach of its contractual obligations, and RPI seeks the same resulting damages for its contract and tort claims. Compl. ¶¶ 43-44, 47-48, 53, 55-57, 61, 63, 66. *See AD Rendon Commc'ns, Inc. v. Lumina Ams. Inc.*, 2007 WL 2962591, at *5 (S.D.N.Y. Oct. 10, 2007); *Millennium Ptrs., L.P. v. U.S. Bank Nat'l Ass'n*, 2013 WL 1655990, *4 (S.D.N.Y. April 17, 2013).

**RPI's Claims Should Be Dismissed for RPI's Lack of Article III Standing**
RPI's Complaint also fails under Rule 12(b)(1). Contrary to standing requirements, RPI has not alleged that it suffered an "actual or imminent," "concrete and particularized" "injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). RPI commenced *USB/RPI I* in April 2014, *after* its principal balances in virtually all of the Covered Trusts were wiped out. RPI cannot have suffered any injury by reason of the Trustee's indemnification from those Covered Trust assets, as to which it has not paid, or lost, one cent due to the Trustee's actions. RPI's claims also depend on the speculative *possibility* of a future judgment in *USB/RPI I*, such that (i) the Trustee must be found to have acted with gross negligence (triggering the above-described exception); (ii) some recovery in *USB/RPI I* would flow to RPI; and (iii) the Trustee's indemnification would somehow reduce that recovery, in a way not currently known or knowable. This means that RPI's claims are based on alleged injury that is neither "actual" nor "imminent."

**Alternatively, the Court Should Stay this Case Pending Resolution of *RPI/USB I***
If the Court is not inclined to grant the Trustee's motion to dismiss, then staying this case would avoid duplicative litigation and prevent the parties and Court from expending unnecessary resources on issues likely to be resolved in *RPI/USB I*. Stated differently, unless *RPI/USB I* ends with a determination that impacts the Trustee's indemnification rights, this class action would have been entirely an academic exercise. Staying this action would not prejudice RPI, which does not allege that the Trustee would be unable to repay any funds if ordered to do so. If RPI's real concern is minimizing costs to the Trusts (as opposed to seeking to gain some tactical litigation advantage), then it would support a stay.

Darryl J. Alvarado, Esq.
November 13, 2017
Page 4

Sincerely,

*/s/ Benjamin P. Smith*

Benjamin P. Smith

c: Hillary B. Stakem, Esq. (via email)
   Hon. Victor Marrero, United States District Judge, S.D.N.Y. (via facsimile)

---

The Clerk of Court is directed to enter into the public record of this action, the letter above submitted to the Court by Defendant.

**SO ORDERED.**

11-13-17
DATE　　　VICTOR MARRERO, U.S.D.J.